**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| ROB CARUSO,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br><br>Defendant. | Case No.: 1:24cv22597<br><br>Removed from the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2024-112830-SP-25 |

**AT&T Inc.'s Notice of Removal**

Defendant AT&T Mobility LLC removes this action currently pending in the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**NATURE OF REMOVED ACTION**

1) On March 30, 2024, AT&T announced that AT&T-specific data fields were contained in a data set released online approximately two weeks before. AT&T shared its determination with regulators and the public, took precautionary measures, and began notifying customers. As of July 9, 2024, over 60 related putative class actions have been filed against AT&T and its related entities, including AT&T Mobility LLC, in 12 federal district courts in 8 states in connection with the incident. The putative class plaintiffs in each action purport to represent all individuals whose information was allegedly impacted by the incident, and allege AT&T failed to

safeguard personal information in violation of common law, contracts, and consumer protection statutes.

2) On April 2, 2024, one of the plaintiffs moved the Judicial Panel on Multidistrict Litigation ("JPML") to consolidate pending federal court actions in multidistrict litigation ("MDL") in the Northern District of Texas. *See In re AT&T Inc. Customer Data Security Breach Litigation*, JPML No. 3114, ECF No. 1 (Apr. 2, 2024). On June 5, 2024, the JPML issued a Transfer Order consolidating actions relating to the data incident on the grounds that centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. The JPML assigned the consolidated proceeding to Judge Ada E. Brown in the Northern District of Texas and broadly noted that "any other related actions" are potential tag-along actions pursuant to the JPML Rules. *See In re AT&T Inc. Customer Data Security Breach Litigation*, JPML No. 3114, ECF No. 139 (June 5, 2024).

3) Plaintiff Rob Caruso commenced this action against AT&T Mobility LLC in the County Court in and for Miami-Dade County, Florida, Case No. 2024-112830-SP-25 (the "State Court Action") bringing claims for breach of agreement for good faith and fair dealing and violations of the Florida Deceptive and Unfair Trade Practices Act. Mr. Caruso alleges that AT&T Mobility LLC "allowed [his] personal information to be compromised" and he seeks damages, injunctive and declaratory relief, and attorney's fees and costs. A true and accurate copy of the Complaint in the State Court Action is attached hereto as **Exhibit A**. Mr. Caruso's claims are virtually

indistinguishable from those already filed across the country against AT&T Inc. and AT&T Mobility LLC—including several brought by Florida citizens and in Florida federal courts—and consolidated for coordinated proceedings in the Northern District of Texas.

4) Indeed, there are numerous previously-filed federal cases transferred to the MDL where Mr. Caruso is already a putative class member. For example, he is a putative class member in cases seeking to represent "nationwide" classes of those allegedly impacted by the incident. *See e.g.*, *Petroski v. AT&T Inc.*, Case No. 3:24-cv-00757 (N.D. Tex.), ECF 1 at ¶¶ 86, 140, 211 (contractual and statutory unfair practices claims brought on behalf of a putative nationwide class of "[a]ll individuals residing in the United States whose PII was accessed and/or acquired by an unauthorized party" as a result of the data incident); *Unruh v. AT&T Mobility LLC et al.*, Case No. 3:24-cv-1473 (N.D. Tex.), ECF 1 at ¶¶ 6, 7, 61, 89, 130, 143 (contract, unfair practices and declaratory judgment claims brought by Kansas and Florida citizens against AT&T Mobility LLC and AT&T Inc. on behalf of a putative nationwide class of "[a]ll individuals whose personal information was compromised" as a result the data incident); *Garner v. AT&T Inc.*, Case No. 3:24-cv-00962 (N.D. Tex.), ECF 1 at ¶¶ 21, 52, 53, 133, 155 (claims for violations of the duty of good faith and fear dealing and the FDUTPA brought by a Florida citizen on behalf of a nationwide putative class of "[a]ll natural persons in the United States whose Personally Identifiable Information was compromised" as a result of the data incident and also on behalf of a subclass of "[a]ll natural persons in the State of Florida whose

Personally Identifiable Information was compromised" as a result of the data incident).

**JURISDICTION PURSUANT TO PENDING CLASS ACTIONS**

5) As an initial matter, this Court has jurisdiction over Mr. Caruso's case because Mr. Caruso's claims are subsumed into cases related to the data incident that have already been consolidated into an MDL by the JPML. *See, e.g.*, *In re Kitec Plumbing Sys. Prods. Liab. Litig.*, 2010 WL 11618052, at *6 (N.D. Tex. Aug. 23, 2010) (courts may look past artificial limitations in plaintiff's pleadings where plaintiffs "are already properly before [the MDL] Court"); *see also Simon v. Marriott Int'l, Inc.*, 2019 WL 4573415, at *4 (D. Md. Sept. 20, 2019) (similar); *Sanders v. Kia Am. Inc.*, 2023 WL 3974966, at *4–5 (C.D. Cal. June 13, 2023) (similar).

6) For example, the lead case before the JPML, *Petroski v. AT&T Inc.*, Case No. 3:24-cv-00757 (N.D. Tex.), alleges a putative class of "[a]ll individuals residing in the United States whose PII was accessed and/or acquired by an unauthorized party" as a result of the data incident. *Id.*, ECF No. 1, ¶ 140. The allegations in this case—and multiple others with the same or similar underlying allegations—are now consolidated in an MDL before Judge Ada Brown of the Northern District of Texas. *See, e.g.*, *Unruh v. AT&T Mobility LLC et al.*, Case No. 3:24-cv-1473 (N.D. Tex.), ECF 1 at ¶¶ 6, 7, 61, 89, 130, 143 (contract, unfair practices and declaratory judgment claims brought by Kansas and Florida citizens against AT&T Mobility LLC and AT&T Inc. on behalf of a putative nationwide class of "[a]ll individuals whose personal information was compromised" as a result the data incident); *Garner v.*

*AT&T Inc.*, Case No. 3:24-cv-00962 (N.D. Tex.), ECF 1 at ¶¶ 21, 52, 53, 133, 155 (claims for violations of the duty of good faith and fear dealing and the FDUTPA brought by a Florida citizen on behalf of a nationwide putative class of "[a]ll natural persons in the United States whose Personally Identifiable Information was compromised" as a result of the data incident and also on behalf of a subclass of "[a]ll natural persons in the State of Florida whose Personally Identifiable Information was compromised" as a result of the data incident). Consequently, Mr. Caruso and his allegations are already subsumed within earlier filed federal cases pending in the MDL.

7) It is also worth noting that Mr. Caruso's counsel has filed numerous other complaints against AT&T Mobility LLC regarding the data incident on behalf of other named plaintiffs in Florida courts. *See, e.g.*, *Young v. AT&T Mobility LLC,* Case No. 2024-105706-SP-25 (Miami-Dade County); *Surowiec v. AT&T Mobility LLC,* Case No. 2024-103564-SP-25 (Miami-Dade County); *Russo v. AT&T Mobility LLC,* Case No. 2021-029290-SP-26 (Miami-Dade County); *Quick v. AT&T Mobility LLC,* Case No. 2024-114584-SP-25 (Miami-Dade County); *Varela v. AT&T Mobility LLC,* Case No. 2024-116186-SP-25 (Miami-Dade County). The only purpose of these nearly identical, carefully structured complaints is to deprive the federal MDL court of jurisdiction over claims that have already vested there and completely subsume the claims here.

## GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1332(a)

8) Pursuant to 28 U.S.C. 1332(a), the Court also has jurisdiction over this case because (1) there is complete diversity of citizenship between Mr. Caruso and AT&T Mobility LLC; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

### A. Complete diversity exists.

9) For purposes of diversity jurisdiction, an individual is deemed a citizen of the state where he or she is domiciled. *See McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002). Mr. Caruso is a citizen of the state of Florida.

10) AT&T Mobility LLC is a Delaware limited liability company. "[A] limited liability company is deemed to be a citizen of any state of which any of its members is a citizen." *Blue Ridge Healthcare Mgmt., LLC v. Western World Ins. Co.*, 2020 WL 13356807, at *2 (S.D. Fla. Dec. 15, 2020).

11) AT&T Mobility LLC is a limited liability company comprised of four members: BellSouth Mobile Data, Inc., New Cingular Wireless Services, Inc., SBC Long Distance, LLC, and AT&T Investment & Tower Holdings, LLC.

12) BellSouth Mobile Data, Inc. is a Georgia corporation with its principal place of business in Georgia. Thus, BellSouth Mobile Data is a citizen of Georgia. *See* 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

13) New Cingular Wireless Services, Inc. is a Delaware corporation with its principal place of business in Georgia. Thus, New Cingular Wireless Services is a citizen of Delaware and Georgia.

14) SBC Long Distance, LLC is a limited liability company with one member—SBC Telecom, Inc., which is a Delaware corporation with its principal place of business in Texas. Thus, SBC Long Distance, LLC is a citizen of Delaware and Texas.

15) AT&T Investment & Tower Holdings, LLC is a limited liability company with four members—AT&T Capital Services, Inc., JVI General Partnership, SBC Portfolio Holdings, Ltd., and SBC Telecom, Inc.

16) AT&T Capital Services, Inc. is a Delaware corporation with its principal place of business in Illinois. Thus, AT&T Capital Services is a citizen of Delaware and Illinois.

17) JVI General Partnership has two partners—AT&T Wireline Holdings, LLC and AT&T Solutions Inc. For purposes of determining diversity jurisdiction, "partnerships are citizens of every state in which one of their members or partners are citizens." *Kohlmeier v. American Honda Motors Co., Inc.*, 2022 WL 4104035, at *1 (M.D. Fla. Sept. 8, 2022). AT&T Wireline Holdings, LLC has one member—AT&T DW Holdings, Inc., a New York corporation with its principal place of business in Texas. Thus, AT&T Wireline Holdings is a citizen of New York and Texas. AT&T Solutions Inc. is a Delaware corporation with its principal place of business in Texas.

Thus, AT&T Solutions is a citizen of Delaware and Texas. Therefore, JVI General Partnership is a citizen of New York, Texas, and Delaware.

18) SBC Portfolio Holdings, Ltd. is a Delaware corporation with its principal place of business in Texas. Thus, SBC Portfolio is a citizen of Delaware and Texas.

19) SBC Telecom, Inc. is a Delaware corporation with its principal place of business in Texas. Thus, SBC Telecom is a citizen of Delaware and Texas.

20) Based on the foregoing, AT&T Mobility LLC is a citizen of the states of Georgia, Delaware, Texas, New York, and Illinois.

21) Thus, there is complete diversity between Mr. Caruso (Florida) and AT&T Mobility LLC (Georgia, Delaware, Texas, New York, and Illinois) pursuant to 28 U.S.C. 1332(a)(1).

**B. The amount in controversy is satisfied.**

22) The amount in controversy is also satisfied here. Indeed, Mr. Caruso seeks damages in the amount of $8,000, plus declaratory and injunctive relief, and attorney's fees and costs.

23) An action may be removed if the defendant establishes, consistent with the pleading requirements of Civil Rule 8, that the aggregate amount in controversy, exclusive of fees and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). When a defendant seeks to remove an action to federal court on grounds of diversity jurisdiction, "the defendant's amount-in-controversy allegation should be accepted [as true] when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating*

*Co.*, 574 U.S. at 87. This standard is appropriate even when the complaint fails to allege, or seeks, a specific amount of damages. *See NextPlat Corp. v. Seifert*, 2023 WL 4972827, at *3–4 (S.D. Fla. June 14, 2023) (citing *Dart Cherokee* and explaining that a "removing defendant satisfies [the amount-in-controversy] requirement by claiming a sufficient sum in good faith" despite plaintiff's complaint not pleading more than $75,000 at issue).

24) Mr. Caruso seeks an actual damages award of $8,000. Thus, AT&T Mobility LLC need only demonstrate that Mr. Caruso's additional claims for relief are worth $67,000.01. ($75,000.01 – $8,000 = $67,000.01)

25) Attorney's Fees. In addition to $8,000 in damages and a request for injunctive and declaratory relief, Mr. Caruso also requests his costs and attorneys' fees incurred litigating this case. "When a statute authorizes, and a plaintiff requests, attorney's fees, a reasonable amount of those fees should be included in the amount-in-controversy." *Bele v. 21st Century Centennial Ins. Co.*, 2015 WL 3875491, at *3 (M.D. Fla. May 15, 2015). Here, Mr. Caruso has brought a Florida Unfair and Deceptive Practices Act claim, which expressly provides for the recovery of attorney's fees. *See* Fla. Stat. § 501.2105.

26) To determine whether the amount-in-controversy is met, the Court may consider the amount of attorney fees awarded in similar cases through trial. *See Bele*, 2015 WL 3875491, at *3 (relying on its "judicial experience and common sense" to find that the amount-in-controversy was met where an attorney fee award in comparable cases would exceed the jurisdictional minimum); *Gonzalez v. Honeywell*

*Int'l, Inc.*, 2017 WL 164358, at *3 (M.D. Fla. Jan. 17, 2017) (same; "The Court need not pinpoint the exact dollar figure of [attorney's fees] to recognize that their value adds thousands of dollars to the amount in controversy.").

27) Attorney fee awards in comparable FDUTPA cases would be sufficient to bring the amount-in-controversy here to well over $67,000. *See, e.g.*, *Wahl Hungaria KFT v. 4G Elecs. Grp. Inc.*, 2024 WL 896263, at *1 (S.D. Fla. March 1, 2024) (awarding $79k in attorney's fees); *Unisource Discovery, Inc. v. Unisource Discovery, LLC*, 2023 WL 4188118, at *1 (S.D. Fla. June 26, 2023) (awarding over $300k in attorney's fees).

28) Moreover, Mr. Caruso's attorney bills at a rate of $650/hour. *See Pineda v. Dale C. Glassford, P.A.*, Case No. 1:21-cv-20764, ECF 52 (S.D. Fla. August 13, 2021) (declaration of Maury Udell in support of motion for attorney fees stating that his hourly rate is $650/hour). Thus, Ms. Caruso's attorney would have to bill only 104 hours to exceed the jurisdictional amount.

29) Injunctive Relief. Finally, Mr. Caruso's request for declaratory and injunctive relief may also be considered for purposes of calculating the amount in controversy. *See Hunt v. Nationstar Mortgage, LLC*, 782 Fed. Appx. 762, 768 (11th Cir. 2019).

30) Therefore, there is complete diversity between Mr. Caruso and AT&T Mobility LLC, and the amount in controversy exceeds $75,000. Thus, this Court has original jurisdiction and removal is proper pursuant to 28 U.S.C. § 1332(a).

## VENUE IS PROPER

31) This Court is in the judicial district and division embracing the place where Mr. Caruso filed the State Court Action and where it is pending. Specifically, the United States District Court for the Southern District of Florida embraces Miami-Dade County, Florida. *See* 28 U.S.C. §§ 1441, 1446.

## TIMELINESS OF REMOVAL

32) AT&T Mobility LLC was served with the Summons and Complaint on June 21, 2024. Attached hereto, and incorporated herein as **Exhibit B**, is a true and correct copy of the state court docket and all process, pleadings, and orders served on AT&T Mobility LLC in the State Court Action.

33) AT&T Mobility LLC filed this Notice within 30 days of service of the Complaint and removal is, therefore, timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

## NOTICE

As required by 28 U.S.C. § 1446(d), AT&T Mobility LLC is providing written notice of the filing of this Notice of Removal to Mr. Caruso and is filing a copy of this Notice of Removal with the Clerk of the County Court for Miami-Dade County, Florida.

Dated: July 9, 2024

Respectfully submitted,

By: *s/ Yameel L. Mercado Robles*
Yameel L. Mercado Robles (1003897)
Baker & Hostetler LLP
200 South Orange Ave., Suite 2300
Orlando, FL 32801-3432
Telephone: 407.649.4000
Facsimile: 407.841.0168
ymercadorobles@bakerlaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing document was served via email and U.S. mail upon the following:

Maury L. Udell
Beighley, Myrick & Udell, P.A.
2601 S. Bayshore Drive, Suite 770
Miami, FL 33133

*Counsel for Plaintiff*

/s/Yameel L. Mercado Robles
*Counsel for AT&T Mobility LLC*